**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KALMAN SAMUEL CAGAN-
   TEUBER,
         Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
         Agency.

DOCKET NUMBER
PH-315H-17-0410-I-1

DATE: February 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Peter Ball, Esquire and Laura K. Hennessey, Esquire, Boston,
   Massachusetts, for the appellant.

Todd M. Sparks and Paul Clawson, Chicopee, Massachusetts, for the
   agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

as this one only in the following circumstances:   the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.   Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).   We also DENY the appellant's motions to supplement his petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The agency appointed the appellant to the position of Police Officer in June 2017.  Initial Appeal File (IAF), Tab 14 at 5.  On July 10, 2017, the agency proposed to terminate the appellant during his probationary period based on a charge of making a false statement.  IAF, Tab 1 at 38.  The agency specified that the appellant had falsely stated on his Optional Form (OF) 306, Declaration for Federal Employment, that he had not been convicted by a military court-martial in the past 7 years when in fact he had been convicted in 2011, as he acknowledged after his appointment.  *Id*.   The agency provided the appellant notice of his right to reply to the proposal in writing, orally, or both and to submit evidence within 5 workdays.  *Id*. at 39.  On July 25, 2017, after the appellant replied both in writing and orally, the agency issued a decision terminating him. *Id*. at 40-43.  The termination was effective July 28, 2017.  IAF, Tab 8 at 23.

¶3        The appellant filed this Board appeal on August 24, 2017.  IAF, Tab 1.  He argued that the agency committed harmful procedural error by failing to notify the Office of Personnel Management (OPM) of its intent to terminate him for making a material, intentional false statement.  *Id*. at 13-14.  He also argued that the agency terminated him "without reason" because it failed to conclude that he actually made a material, intentional false statement.  *Id*. at 14-15.  The appellant further argued that the agency failed to adequately consider his response to the proposed termination, *id*. at 15-16, and that it denied him due process, *id*. at 17.

¶4        The administrative judge informed the appellant that the Board might not have jurisdiction over his termination appeal and ordered him to address the jurisdictional issue.  IAF, Tab 2.  In response, the appellant argued that the Board had jurisdiction over his appeal because his termination was based at least in part on matters occurring before his appointment and the agency violated the procedures set forth in 5 C.F.R. § 315.805.  IAF, Tab 3 at 4-11.  In addition, he argued that the agency failed to clarify the regulatory authority under which it took the termination action.  *Id*. at 11.  The agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant failed to nonfrivolously allege that his termination was procedurally deficient and that any procedural errors it may have made did not establish Board jurisdiction over the appeal.  IAF, Tab 8 at 6-11.

¶5        The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 15, Initial Decision (ID).  He found that the Board lacked the authority to review the merits of the appellant's termination and that the agency had complied with the procedural requirements for a termination based on matters arising preappointment.  ID at 5.  The administrative judge further found that any failure by the agency to timely notify OPM that it had terminated the appellant did not provide a basis for Board jurisdiction.  *Id*.

¶6        The appellant timely filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  On petition for review, he argues that the

Board has jurisdiction over his appeal due to several procedural errors the agency made in effecting his termination. *Id*. at 15-26. He also submits, for the first time on petition for review, a letter from his commanding officer at the time of his court-martial. *Id*. at 30.

¶7 The record on petition for review closed on December 29, 2017. PFR File, Tab 2. In July 2018, the appellant moved for leave to supplement his petition for review with argument based on the U.S. Supreme Court's decision in *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), which was issued in June 2018. PFR File, Tab 5. In May 2019, the appellant again moved to supplement his petition for review. PFR File, Tab 7. In his second motion to supplement, the appellant sought to submit argument regarding the nature of the court-martial proceedings against him. *Id*. The appellant filed a third motion to supplement his petition for review in March 2020. PFR File, Tab 10. In his third motion, the appellant seeks to argue that the Board's delay in deciding his petition for review constitutes a denial of due process. *Id.* at 6. The appellant filed a fourth motion to supplement his petition for review in May 2022. PFR, Tab 18. In his fourth motion, the appellant argues that the administrative judge allegedly lacked the authority to issue the initial decision based on a separation-of-powers theory. *Id*. at 5-7.

The appellant failed to establish Board jurisdiction over his termination appeal.

¶8 When an agency intends to terminate a probationary employee for reasons based in whole or in part on conditions arising before his appointment, it must provide him advanced written notice of the reasons for the proposed action, a reasonable opportunity to submit a written response, and written notice of the agency's decision. 5 C.F.R. § 315.805. "A probationer whose termination is subject to § 315.805 may appeal on the ground that his termination was not effected in accordance with the procedural requirements of that section." 5 C.F.R. §315.806(c). In such appeals, the merits of the agency's termination decision are not before the Board. *LeMaster v. Department of Veterans Affairs*,

123 M.S.P.R. 453, ¶ 7 (2016). Rather, the only issue is whether the agency's failure to follow the procedures prescribed in section 315.805 was harmful error. *Id*. If there was harmful error, then the agency's action must be set aside. *Id*. Harmful error cannot be presumed; an agency error is harmful only when the record shows that it was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Id*., ¶ 14; 5 C.F.R. § 1201.4(r).

¶9        The appellant argues on review that although the agency charged him with simply "making a false statement," it could only have properly terminated him for making a material, intentional false statement. PFR File, Tab 1 at 7-8. OPM's suitability regulations require in relevant part that an agency notify OPM if it wants to take, or has taken, an action under 5 C.F.R. part 315 in cases involving material, intentional false statement in examination or appointment. 5 C.F.R. § 731.103(g). However, nothing in OPM's suitability regulations purport to limit an employing agency's authority to terminate an employee for making a false statement irrespective of whether the false statement was material or intentional. We therefore find that the agency had the authority under part 315 to terminate the appellant for making a false statement. Accordingly, we reject the appellant's argument that the proposal notice was inadequate because it failed to allege that his false statement was material and intentional.

¶10       The appellant also argues that the agency failed to comply with 5 C.F.R. § 315.805 by failing to consider his response to the proposed termination and by failing to provide reasons for its decision to terminate him. PFR File, Tab 1 at 11. However, the record reflects that the agency clearly did consider his response and provide reasons for its decision. IAF, Tab 1 at 40-43. The appellant acknowledges this, but argues that the agency's failure to specifically state in the decision letter that he made a false statement makes the decision procedurally insufficient. PFR File, Tab 1 at 12. However, it is apparent from the decision letter that the agency found that the appellant made a false statement

and it rejected his explanations for doing so. IAF, Tab 1 at 40-41. The appellant is attempting to reframe his substantive objections to the agency's decision as procedural shortcomings in order to bring his appeal within the Board's jurisdiction. However, our jurisdiction in cases like this one is limited to whether the agency complied with the minimal procedural requirements set forth in the regulation, and the record reflects that it did so. We therefore find that the appellant failed to make a nonfrivolous allegation that the agency failed to comply with the procedural requirements of 5 C.F.R. § 315.805.[2]

The appellant's motions to supplement his petition for review are denied.

¶11    In his first motion to supplement his petition for review, the appellant seeks to challenge the appointment of the administrative judge in light of the Supreme Court's decision in *Lucia*. PFR File, Tab 5. In *Lucia*, the Court held that administrative law judges (ALJs) of the Securities and Exchange Commission (SEC) qualify as Officers of the United States subject to the Appointments Clause, rather than mere employees. 138 S. Ct. at 2049. Because SEC ALJs were appointed by SEC staff members rather than the Commission itself, the Court held that the appointment of those ALJs violated the Appointments Clause. *Id.* at 2050, 2053-55. The Court held that because Lucia had made a timely challenge to the constitutional validity of the appointment of the ALJ who adjudicated his case, he was entitled to relief in the form of a new hearing before a different, properly appointed official. *Id.* at 2055.

¶12    The Court in *Lucia* did not specifically define what constitutes a timely challenge to an appointment. In *McClenning v. Department of the Army*, 2022 MSPB 3, ¶¶ 5-15, we held that an Appointments Clause challenge regarding

---

[2] The appellant also argues that the agency failed to provide proper notice to OPM of its termination action. PFR File, Tab 1 at 11. However, even if such notice was required, it was a requirement of OPM's suitability regulations, not one of the procedural requirements in 5 C.F.R. § 315.805. Thus, any failure to provide required notice to OPM would not provide a basis for Board jurisdiction under 5 C.F.R. § 315.806(c).

a Board administrative judge must be raised to the administrative judge before the close of the record in order to be timely. In *McClenning*, as here, the appellant raised her Appointments Clause claim shortly after the Supreme Court issued its decision in *Lucia*. However, we held that the discovery of a new legal argument is not itself sufficient to justify the appellant's failure to raise the Appointments Clause argument before the administrative judge. *Id*., ¶¶ 11-13. We therefore find that the appellant failed to timely raise his Appointments Clause claim.

¶13 As we recognized in *McClenning*, the Board's regulations reserve to it the authority to consider any issue in an appeal before it. *Id*., ¶ 16; 5 C.F.R. § 1201.115(e). Here, as in *McClenning*, we find no basis to exercise that discretion on the facts of this case. Accordingly, we deny the appellant's motion to supplement his petition for review to raise an Appointments Clause challenge for the first time on petition for review.

¶14 In his second motion to supplement his petition for review, the appellant seeks to raise a new argument addressing the merits of his termination. PFR File, Tab 7. In effect, he seeks leave to raise a new argument on petition for review. The Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Additionally, the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The appellant has not shown that the argument he seeks to raise on petition for review is based on evidence that was previously unavailable to him despite his due diligence, nor has he shown that his argument regarding the merits of his termination would warrant reversal of the initial decision. Accordingly, we deny the appellant's second motion to supplement his petition for review.

¶15     In his third motion to supplement his petition for review, the appellant seeks to argue that the Board's delay in deciding his petition for review constitutes a denial of due process. PFR File, Tab 10. The delay in deciding the petition for review is due primarily to the Board's lack of quorum, which began several months before the administrative judge issued the initial decision in this case. In fact, the initial decision included a notice informing the appellant that the Board could not issue decisions at that time due to a lack of quorum. ID at 7. Thus, the appellant was aware of the possibility of a delay before he filed his petition for review. In any event, because we are now resolving the appellant's petition for review, we need not reach the merits of his due process claim. Accordingly, we deny the appellant's third motion to supplement his petition for review.[3]

¶16     In his fourth motion to supplement his petition for review, the appellant raises an additional constitutional argument. PFR File, Tab 18 at 5-7. His argument, however, is based on a Supreme Court decision from 2010, not new and material evidence not previously available despite his due diligence. *Banks*, 4 M.S.P.R. at 271. In any event, we are unable to adjudicate the appellant's argument that the removal protections provided by statute to Board members and other Board officials, including administrative judges, violates constitutional separation-of-powers principles. *See Malone v. Department of Justice*,

---

[3] In light of the length of time it had been without a quorum, the Board in 2018 adopted a policy authorizing the Clerk of the Board to grant requests to withdraw certain petitions for review upon the request of a petitioner that had previously been adjudicated by the full Board. MSPB, *Policy Regarding Clerk's Authority to Grant Requests for Withdraw Petitions for Review*, https://www.mspb.gov/appeals/files/Policy_Regarding_Withdrawal_of_a_Petition_for_Review_1515773.pdf (last visited Feb. 28, 2023); MSPB, *Frequently Asked Questions about the Lack of Board Quorum and Lack of Board Members* (Mar. 4, 2022), https://www.mspb.gov/FAQs_Absence_of_Board_Quorum_March_4_2022.pdf (last visited Feb. 28, 2023). Here, although the appellant sought to submit legal argument regarding the delay in deciding his petition for review, he did not seek to withdraw his petition.

14 M.S.P.R. 403, 406 (1983) (declining to address the constitutionality of a statute relating to veterans preference). An administrative agency "has no authority to entertain a facial constitutional challenge to the validity of a law." *Jones Brothers, Inc. v. Secretary of Labor*, 898 F.3d 669, 673 (6th Cir. 2018).

The evidence submitted by the appellant for the first time on review is not new and material.

¶17        With his petition for review, the appellant has submitted a November 2017 letter from his commanding officer at the time of his court-martial. PFR File, Tab 1 at 30. He has also submitted an OF-306 that he submitted in June 2017 in connection with a different Federal position for which he had applied. *Id*. at 32-33. Under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). Additionally, the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo*, 3 M.S.P.R. at 349. Although the appellant claims he was unable to obtain the letter from his commanding officer at an earlier date, he does not explain why he could not have submitted the OF-306 before the record closed. Moreover, even if the appellant's evidence was unavailable, both documents go to the merits of the agency's termination decision. He has therefore failed to establish that they would warrant a different outcome from that of the initial decision.

# NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:              /s/ for
                           Jennifer Everling
                           Acting Clerk of the Board

Washington, D.C.